[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 122)
The complaint alleges the following facts. On July 14, 1997, the plaintiff, Kenneth Erdmann, was a pedestrian walking on Route 7 in Wilton, Connecticut, when he was struck by a car driven by the defendant, Margaret E. Dowdy. The plaintiff has suffered severe personal injuries as a result of this incident. The plaintiff alleges in the first count of his complaint that the defendant was negligent because she failed to turn in time to avoid striking the plaintiff, that she failed to keep a proper lookout, that she failed to keep her vehicle under control, and that she failed to use her horn or otherwise warn the plaintiff of her approach. The first count of the complaint further alleges that she failed to exercise due care, traveled at an excessive rate of speed and failed to apply her brakes in time to slow or stop, and that these actions violate General Statutes §§ 14-300d,14-218a, and 14-80, respectively.
The second count of the complaint incorporates the factual CT Page 3713 allegations of the first count and alleges that the defendant either deliberately or with reckless disregard, operated her vehicle at an excessive rate of speed for the road conditions then existing. The second count further alleges that the defendant's reckless conduct violates General Statutes sec; 14-218a
and that this violation was a substantial factor in causing the plaintiff's injuries.
The defendant moves to strike the second count of the plaintiff's complaint on the ground that it is insufficient to state a cause of action for recklessness pursuant to General Statutes sec; 14-295.[1] The defendant has submitted a memorandum of law in support of the motion, and the plaintiff has filed a timely objection thereto.
"A motion to strike challenges the legal sufficiency of a pleading and consequently, requires no factual findings by the trial court. . . . [The court] must read the allegations of the complaint generously to sustain its viability, if possible. . . . [The court] must, therefore, take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.) ATC Partnership v. Windham, 251 Conn. 597,603, ___ A.2d ___ (1999).
In support of her motion, the defendant argues that the plaintiff's complaint fails to state a claim for recklessness pursuant to General Statutes sec; 14-295 because the complaint fails to allege any facts that distinguish the defendant's alleged reckless conduct from the defendant's alleged negligent conduct. The defendant acknowledges that there is a split of authority in the Superior Court on this issue, however, the defendant urges the court to follow those decisions that hold that the plaintiff must allege more than a simple violation of sec; 14-295 in order to state a sufficient claim for recklessness pursuant to that statute.
The plaintiff objects to the defendants motion, and argues that in order to state a cause of action for recklessness pursuant to § 14-295, he need only allege that the defendant committed a reckless violation of one of the enumerated statutes in sec; 14-295, and that the violation was a substantial factor in causing his harm. Thus, the plaintiff argues that it is not necessary to meet the same specificity as is required to state a common law cause CT Page 3714 of action for recklessness.
The court agrees with the plaintiff and refers the defendant to its previous decisions on this issue. In Prezio v. GreaterBridgeport Transit Authority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337257 (December 24, 1997,Skolnick, J.) (21 Conn.L.Rptr. 274, 275), this court noted that a split of authority exists in the Superior Court regarding the pleading requirements of sec; 14-295. In that case, the court affirmed, and has continued to affirm, its adherence to the principle that the plaintiff is required only to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in sec; 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries. See Prezio v. Greater Bridgeport Transit Authority, supra. The plaintiff is not required to allege the elements for common law recklessness. See id; see also Provenzano v. RyderTruck Rental, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352431 (December 9, 1999,Skolnick, J.); Mediate v. Desaavedra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360768 (June 22, 1999, Skolnick, J.); Rocco v. Hall, Superior Court, judicial district Fairfield at Bridgeport, Docket No. 358709 (April 7, 1999, Skolnick, J.). The court continues to adhere to this principle.
Here, the plaintiff alleges that the defendant acted recklessly when she traveled at an excessive rate of speed in violation of General Statutes sec; 14-218a. The plaintiff further alleges that the defendant's reckless conduct was a substantial factor in causing his injuries. Because sec; 14-218a is specifically enumerated within sec; 14-295, and because the plaintiff has properly alleged that this violation was a substantial factor in causing his injuries, the plaintiff has met the requirements of § 14-295. Accordingly, the defendant's motion to strike the second count of the complaint is denied.
SKOLNICK, J.